**LAW OFFICES OF Roxana V. Muro**
**Roxana V. Muro, CA 344966**
510 W. 6th Street, Suite 506
Los Angeles, CA 90014
Tel. 213.622.4700
Fax. 213.622.4701
www.rvmimmigrationlaw.com

**DETAINED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABDIEL CHIRINOS JIMENEZ, a.k.a. RAUL CHIRINOS-JIMENEZ [A220-151-477],<br><br>Petitioner,<br><br>v.<br><br>Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd BLANCHE, U.S. Attorney General; David J. VENTURELLA, Acting Director, Immigration and Customs Enforcement; Thomas GILES, Acting Director, Los Angeles Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Fereti SEMAIA, Warden, Adelanto ICE Processing Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; and IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | Case No. 2:26-cv-12302<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Sabdiel Chirinos Jimenez, also known as Raul Chirinos-Jimenez, petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and the Administrative Procedure Act, 5 U.S.C. § 701, et seq., to remedy his continued unlawful detention by Respondents. Petitioner requests that an immediate hearing be set on this matter and that he be released during the pendency of this Petition. In support of this Petition, Petitioner alleges as follows:

## I. INTRODUCTION

1. Petitioner Sabdiel Chirinos Jimenez, also known as Raul Chirinos-Jimenez ("Petitioner"), is a native and citizen of Mexico who brings this Petition for Writ of Habeas Corpus to challenge his unlawful detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Petitioner has been detained since August 19, 2026, despite a prior bond determination in 2023 resulting in his release and more than three years of demonstrated, substantial compliance with his court and immigration obligations.

2. On March 16, 2023, ICE detained Petitioner and served him with a Notice to Appear ("NTA") charging him as inadmissible under INA § 212(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. ICE did not set a bond at the time of his arrest, and his counsel filed a motion for a bond hearing. Before that hearing, DHS filed its Form I-213 and Petitioner's FBI and California criminal history records with the Adelanto Immigration Court. On April 13, 2023, after considering that evidence, Immigration Judge Bryan E. DePowell granted Petitioner's request for a custody redetermination and ordered him released on a $5,000.00 bond, with alternatives to detention as deemed appropriate by DHS. DHS waived appeal. Petitioner posted the bond and was released the same day. He complied with the conditions of his release, appeared for his immigration proceedings, and remained at liberty without incident.

For more than three years thereafter, Petitioner lived in the community, working, supporting his family, including his two United States citizen daughters, and maintaining strong family ties.

3. On August 19, 2026, Petitioner appeared for a scheduled ISAP check-in and was re-arrested by ICE. The officers indicated only that there were issues with his electronic monitoring device. They identified no violation of any condition of release, no new criminal conduct, and no material change in circumstances, and Petitioner received no notice and no hearing before his release was revoked. Petitioner has remained in immigration detention since that time.

4. Petitioner's re-detention and continued detention violate the Fifth Amendment's Due Process Clause. ICE may re-arrest a noncitizen and revoke an existing bond only upon a material change in circumstances arising after release. 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9); Matter of Sugay, 17 I&N Dec. 637 (BIA 1981). Here, an Immigration Judge ordered Petitioner released after DHS placed his immigration and criminal history before the court, and DHS waived appeal. Those same facts cannot later be repurposed to justify detention absent a material change in circumstances, particularly where the record reflects rehabilitation, compliance, and mitigating factors. ICE nonetheless revoked Petitioner's release without notice, without a hearing before a neutral decisionmaker, and without identifying any change in circumstances.

5. Through this Petition, Petitioner seeks immediate release from ICE custody on the $5,000.00 bond and conditions of release ordered by the Immigration Judge on April 13, 2023, or, in the alternative, an order directing Respondents to provide a new bond hearing before a neutral decision-maker applying the correct legal standard.

## II. JURISDICTION AND VENUE

6. Petitioner is in the physical custody of Respondents. Petitioner is detained at the Adelanto ICE Processing Center located in Adelanto, California.

7. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, Section 9, Clause 2, of the United States Constitution (Suspension Clause).

8. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

9. Venue is proper in the United States District Court for the Central District of California. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493–500 (1973), venue lies in the judicial district in which Petitioner is currently in custody. Petitioner is detained at the Adelanto ICE Processing Center, which lies within this Court's territorial jurisdiction.

## III. REQUIREMENTS OF 28 U.S.C. § 2243

10. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

11. Under 28 U.S.C. § 2243, the Court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." The order to show cause must be returned "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id.

## IV. EXHAUSTION

12. There is no requirement of statutory exhaustion for a petition for writ of habeas corpus. However, exhaustion may be required as a prudential matter. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).

13. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007).

14. Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." Ward, 678 F.3d at 1045.

15. Petitioner has not bypassed the administrative scheme. On September 14, 2026, he moved the Immigration Court for a custody redetermination hearing. More than five weeks later, no hearing has been scheduled, and Petitioner remains detained. The administrative remedy has proven inadequate.

16. Administrative remedies are also inadequate because a post-deprivation bond hearing cannot cure the constitutional violation at issue. Petitioner challenges ICE's revocation of an Immigration Judge's release order without notice, without a hearing, and without any material change in circumstances. Where a noncitizen's liberty has already been unlawfully revoked, a subsequent bond hearing does not cure the violation; the proper remedy is restoration to the

position he occupied before the violation. Kumar v. Rios, 2026 U.S. Dist. LEXIS 137802 (C.D. Cal. June 12, 2026).

17. Exhaustion would also be futile. The precedent decisions issued by the Board of Immigration Appeals under the current administration indicate that requiring prudential exhaustion would be futile in this case. A March 2026 report issued by National Public Radio found that last year, 97 percent of the Board's published decisions were in favor of the Department of Homeland Security.[1] On April 9, 2026, The New York Times reported that "[t]he administration has instructed judges to stop granting bond to immigrants who crossed the border illegally, a change from decades of practice."[2] Consistent with that instruction, the Board has held that Immigration Judges lack authority to grant bond to noncitizens present without admission. Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Petitioner entered without inspection.

18. Finally, Petitioner is suffering irreparable injury that requires immediate judicial intervention. Each day of unlawful detention is a continuing deprivation of his liberty. His wife and infant daughter have lost their sole source of income, his custody proceedings for his older daughter have been delayed, and he has received no treatment for a worsening respiratory condition despite repeated requests. Prudential exhaustion should be waived.

## V. PARTIES

19. Petitioner Sabdiel Chirinos Jimenez, also known as Raul Chirinos-Jimenez, is a native and citizen of Mexico who last entered the United States on or about June 1, 2013, near San

---

[1] Ximena Bustillo, Rahul Mukherjee, "An Immigration Court Few Have Heard of is Quietly Shaping Policy Behind the Scenes," npr.org, (Mar. 20, 2026) https://www.npr.org/2026/03/20/nx-s1-5707535/trump-immigration-detention-appeals-board-deportation

[2] Nicholas Nehamas, Allison McCann, Steven Rich, Jazmine Ulloa and Hamed Aleaziz, "How Trump Purged Immigration Judges to Speed Up Deportations," The New York Times, April 9, 2026. https://www.nytimes.com/2026/04/09/us/politics/trump-miller-immigration-judges-purge.html

Ysidro, California. He is currently detained by U.S. Immigration and Customs Enforcement at the Adelanto ICE Processing Center in Adelanto, California.

20. Respondent Markwayne Mullin ("Mr. Mullin") is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act ("INA"), and oversees ICE, which is responsible for Petitioner's detention. Mr. Mullin has ultimate custodial authority over Petitioner and is sued in his official capacity.

21. Respondent Todd Blanche is the Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. He is sued in his official capacity.

22. Respondent David J. Venturella is the Acting Director of Immigration and Customs Enforcement, a federal law enforcement agency within the Department of Homeland Security. ICE's responsibilities include operating the immigration detention system. In his capacity as ICE Acting Director, Respondent Venturella exercises control over and is a legal custodian of people held at ICE facilities nationwide, and he is responsible for Petitioner's detention. He is sued in his official capacity.

23. Respondent Thomas Giles is the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division. As such, Respondent Giles is a custodian of Petitioner and is responsible for Petitioner's detention and removal. He is sued in his official capacity.

24. Respondent Fereti Semaia is the Warden of the Adelanto ICE Processing Center, where Petitioner is detained. He has immediate physical custody of Petitioner. He is sued in his official capacity.

25. Respondent Executive Office for Immigration Review ("EOIR") is the federal agency within the Department of Justice responsible for implementing the INA in removal proceedings, including custody redeterminations and bond hearings. Petitioner's motion for a custody redetermination hearing, filed September 14, 2026, is pending before EOIR.

26. Respondent Department of Homeland Security ("DHS") is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

27. Respondent Immigration and Customs Enforcement ("ICE") is the agency within DHS responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

## VI. STATEMENT OF FACTS

28. Petitioner Sabdiel Chirinos Jimenez, also known as Raul Chirinos-Jimenez ("Petitioner"), is a native and citizen of Mexico. On or about June 1, 2013, he entered the United States without inspection near San Ysidro, California.

29. Petitioner has resided in the United States for over a decade. He is married to Samanta Espin Angeles and is the father of two United States citizen daughters. Before his detention, he lived with his wife and younger daughter in Moorpark, California, and worked as a machinery operator for WC Trucking, Inc. to support his family. He has longstanding family and community ties in this country.

30. On September 17, 2019, Petitioner pleaded guilty in Ventura County Superior Court (Case No. 2017042077) to misdemeanor violations of Cal. Penal Code §§ 273.5(a) and 273a(b), arising from an incident on or about November 28, 2017. He completed the 52-week Batterers' Intervention Program on October 22, 2020, completed 52 individual therapy sessions on March 19, 2022, and completed probation on October 3, 2023. On October 16, 2024, the Superior Court vacated both convictions pursuant to Cal. Penal Code § 1473.7. Petitioner's only remaining conviction is a single misdemeanor violation of Cal. Penal Code § 243(e)(1), for which he was sentenced to a fine and 30 days in jail with credit for time served. Apart from traffic infractions, Petitioner has no other criminal history.

31. On March 16, 2023, ICE officers arrested Petitioner in Moorpark, California. That day, DHS served Petitioner with a Notice to Appear charging him as inadmissible under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), and placed him in removal proceedings under section 240 of the INA.

32. ICE did not set a bond, and Petitioner's counsel moved for a custody redetermination hearing. On March 29, 2023, DHS filed its Form I-213 and Petitioner's FBI and California criminal history records with the Adelanto Immigration Court. Those records reflected Petitioner's 2019 convictions under Cal. Penal Code §§ 273.5(a) and 273a(b), which had not yet been vacated, and his prior immigration history.

33. On April 13, 2023, after considering that evidence, Immigration Judge Bryan E. DePowell granted Petitioner's request for a custody redetermination and ordered him released on a $5,000.00 bond, with alternatives to detention as deemed appropriate by DHS. Both DHS and Petitioner waived appeal.

34. Petitioner posted the bond and was released the same day. He was enrolled in the Intensive Supervision Appearance Program ("ISAP"). ISAP required in-office check-ins every fifteen days, monthly home visits, an electronic monitoring device, and use of a reporting application on his phone. His removal proceedings were transferred to the Los Angeles – Van Nuys Immigration Court.

35. For more than three years, Petitioner substantially complied with the conditions of his release. He never attempted to flee or hide from immigration authorities, and he cooperated with every instruction he was given.

36. On February 27, 2026, the Immigration Judge denied Petitioner's applications for asylum under INA § 208, withholding of removal under INA § 241(b)(3), and protection under Article III of the U.N. Convention Against Torture ("CAT"), and ordered him removed to Mexico. On March 2, 2026, Petitioner timely appealed to the Board of Immigration Appeals ("BIA"). His appeal remains pending, and he does not have a final order of removal.

37. Petitioner attended his scheduled ISAP check-ins in the months before his detention, including at least four check-ins at which no violation or concern was raised. On August 19, 2026, Petitioner's officer asked him to report for his scheduled check-in at 6:00 a.m. instead of 4:00 p.m. Petitioner appeared at the Chatsworth office as instructed. His ISAP officer and ICE agents were waiting, and Petitioner was taken into custody.

38. The officers indicated only that Petitioner was being detained because of issues with his electronic monitoring device. Petitioner objected that he had complied with all supervision requirements. The officers identified no missed appointment, no violation of any condition of release, no new criminal conduct, and no material change in circumstances.

39. Before his re-detention, Petitioner received no notice that ICE intended to revoke his release and no hearing before a neutral decisionmaker.

40. On September 14, 2026, Petitioner moved the Immigration Court for a custody redetermination hearing. As of the date of this Petition, no hearing has been scheduled.

41. Petitioner has remained in custody at the Adelanto ICE Processing Center since August 19, 2026. He has been separated from his wife and children, and his family has lost its sole source of income. He suffers from diabetes and an ongoing respiratory condition, and despite repeated requests, he has received no treatment for his respiratory condition while detained.

42. Petitioner seeks immediate release from detention, as his confinement is unsupported by any individualized determination warranting custody and is inconsistent with his demonstrated record of compliance under supervision.

## VII. LEGAL FRAMEWORK AND ARGUMENT

### A. This Court Has Jurisdiction to Review Petitioner's Claims

43. The jurisdiction-stripping provision at 8 U.S.C. § 1226(e) applies only to challenges to a "discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." Jennings v. Rodriguez, 583 U.S. 281, 295 (2018).

44. This Court nevertheless retains jurisdiction to review legal claims and mixed questions of law arising from Petitioner's detention and bond proceedings. Martinez v. Clark, 124 F.4th 775, 783 (9th Cir. 2024). The application of legal standards to established or undisputed facts presents a reviewable mixed question of law. Wilkinson v. Garland, 601 U.S. 209, 221 (2024).

45. Petitioner does not challenge a discretionary judgment. He challenges ICE's legal authority to revoke an Immigration Judge's release order without a material change in

circumstances, and the constitutional adequacy of the process, or lack of process, that preceded his re-detention. These are legal and constitutional questions within this Court's jurisdiction.

**B. Petitioner Has a Constitutionally Protected Liberty Interest in Remaining Released on Bond**

46. Civil immigration detention is "nonpunitive in purpose and effect." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty protected by the Due Process Clause." Id.

47. Individuals released on parole or other forms of conditional release possess a constitutionally protected liberty interest in their continued freedom. Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Although conditional, that liberty interest "includes many of the core values of unqualified liberty," including the ability to live with family and maintain employment, and its termination inflicts a "grievous loss" on the released individual and others. Id. The revocation of that liberty therefore triggers due process protections under the Fifth Amendment.

48. Multiple courts have recognized that in "the immigration context, once released from immigration custody, noncitizens acquire 'a protectable liberty interest in remaining out of custody on bond.'" Lopez-Arevelo v. Ripa, No. EP-25-CV-337-KC, 2025 U.S. Dist. LEXIS 188232 (W.D. Tex. Sep. 21, 2025) (citing Diaz v. Kaiser, No. 25-cv-5071, 2025 U.S. Dist. LEXIS 113566, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025)); accord M.S.L.v. Bostock, 2025 U.S. Dist. LEXIS 162519, 2025 WL 2430267, at *8 ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond." (quoting Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019))); Rosado v. Figueroa, No. 25-cv-2157, 2025 U.S. Dist. LEXIS

156344, 2025 WL 2337099, at *12 (D. Ariz. Aug. 11, 2025). The Central District of California has likewise held that a noncitizen previously released possesses a constitutionally protected liberty interest in remaining free from detention. Kumar v. Rios, 2026 U.S. Dist. LEXIS 137802 (C.D. Cal. June 12, 2026).

49. Petitioner has held that liberty interest since April 13, 2023, when an Immigration Judge ordered him released on a $5,000.00 bond. Although Petitioner's release on bond did not confer lawful immigration status, it permitted him to live freely in the United States while complying with the conditions of his release. For more than three years, he lived with his family, worked, and complied with ISAP. That conditional freedom is a protected liberty interest, and its revocation without individualized process violates the Fifth Amendment.

### C. Due Process Requires Notice and a Hearing Before Release Is Revoked

50. To guard against arbitrary re-detention, due process requires "adequate procedural protections" that test whether the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding restraint. Zadvydas, 533 U.S. at 690. At a minimum, due process guarantees notice and an individualized hearing before a neutral decisionmaker prior to the revocation of release, at which the government must justify detention based on danger or flight risk. Goldberg v. Kelly, 397 U.S. 254, 267 (1970). "[T]he fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." Id. (citation modified).

51. Due process requires a pre-deprivation hearing before the revocation of conditional release. See Espinoza v. Kaiser, No. 1:25-cv-01101-JLT-SKO, 2025 U.S. Dist. LEXIS 173694, at *25, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025) (citing *Young v. Harper*, 520 U.S. 143, 147–49 (1997)); see *also J.D.B.R. v. Wofford*, No. 1:25-CV-02009-TLN-CKD, 2026 WL 234661, at *3

(E.D. Cal. Jan. 29, 2026): due process requires a hearing before a neutral decisionmaker before re-detention based on revocation of supervised release.

52. Petitioner received none of these protections. He received no notice that ICE intended to revoke his release, no statement of the basis for revocation beyond an unspecified reference to "issues with his electronic monitoring device," and no hearing before a neutral decisionmaker. He was told to report at 6:00 a.m. instead of 4:00 p.m., and ICE agents were waiting to take him into custody when he arrived.

**D. ICE Re-Detained Petitioner Without Any Material Change in Circumstances**

53. By statute and regulation, as interpreted by the Board of Immigration Appeals, ICE may re-arrest a noncitizen and revoke an existing bond only upon a change in circumstances arising after the individual's release. 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9); Matter of Sugay, 17 I&N Dec. 637, 640 (BIA 1981). The government has further acknowledged in litigation that any such change must be material. Saravia v. Barr, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), aff'd sub nom. Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018).

54. This authority is further constrained by the Due Process Clause, because individuals released from custody possess a protected liberty interest in their freedom. Accordingly, under the specific facts of Petitioner's case, due process requires adequate notice and a meaningful opportunity to be heard before that liberty interest may be curtailed.

55. That limitation applies with particular force here. Petitioner was not released through an ICE officer's discretionary decision. He was released by an Immigration Judge after a custody redetermination hearing at which DHS placed before the court its Form I-213, Petitioner's FBI and California criminal history records, and his prior immigration history. Having considered that record, the Immigration Judge ordered Petitioner released on a $5,000.00 bond with

alternatives to detention. DHS waived appeal. Having accepted that order, DHS may not accomplish through a unilateral re-arrest what it chose not to seek through appeal.

56. Nothing material has changed since April 13, 2023, except in Petitioner's favor. Since the Immigration Judge ordered his release, Petitioner has (a) substantially complied with ISAP for more than three years, including check-ins every fifteen days, monthly home visits, electronic monitoring, and use of the ISAP reporting application; (b) appeared in his removal proceedings, pursued his applications for relief, and timely appealed the denial to the BIA; (c) completed probation on October 3, 2023; (d) obtained vacatur of his Cal. Penal Code §§ 273.5(a) and 273a(b) convictions under Cal. Penal Code § 1473.7 on October 16, 2024, leaving a single misdemeanor under § 243(e)(1); and (e) married, welcomed a second United States citizen daughter, and maintained steady employment. The criminal record before the Immigration Judge in 2023, which the Immigration Judge found did not warrant continued detention, was more serious than Petitioner's record today.

57. The only reason ICE gave for re-detaining Petitioner was unspecified "issues with his electronic monitoring device." ICE identified no missed appointment, no violation of any condition of release, and no new criminal conduct. In the months before his detention, Petitioner attended at least four check-ins at which no concern was raised. An unexplained issue with a monitoring device, which ICE did not raise at Petitioner's prior check-ins and never presented to the Immigration Judge who set his conditions of release, is not a material change in circumstances bearing on whether Petitioner is a danger to the community or a flight risk.

58. Nor is the Immigration Judge's February 27, 2026 decision a material change. Petitioner timely appealed, his appeal remains pending, and he has no final order of removal. ICE

did not detain Petitioner when that decision issued. It waited nearly six months, during which Petitioner continued to report as required.

59. Because ICE revoked an Immigration Judge's release order without a material change in circumstances, without notice, and without a hearing before a neutral decisionmaker, Petitioner's re-detention violates 8 U.S.C. § 1226(b), 8 C.F.R. § 236.1(c)(9), and the Due Process Clause of the Fifth Amendment.

**E. A Post-Deprivation Bond Hearing Cannot Cure the Violation; the Proper Remedy Is Release on the Original Conditions**

60. In Kumar v. Rios, the petitioner, like Petitioner here, had been released, complied with all conditions of release, and was later re-detained without meaningful pre-deprivation process. See Kumar v. Noem, No. 2:26-cv-279-VBF-MAR, Dkt. 1. The Central District of California initially ordered that Kumar either be immediately released or provided a bond hearing. The Immigration Judge denied bond, and later denied bond again at a Rodriguez hearing, finding Kumar a flight risk. Kumar v. Rios, 2026 U.S. Dist. LEXIS 137802. When Kumar returned to the district court, the court held that the post-deprivation bond hearings did not cure the underlying due process violation, because Kumar's liberty had already been unlawfully revoked without constitutionally adequate procedures. Rather than ordering yet another bond hearing, the court held that the proper habeas remedy was to restore Kumar to the position he occupied before the constitutional violation by ordering his immediate release under his original conditions. Id.

61. Kumar confirms that where a noncitizen is unlawfully re-detained after a period of successful release, a subsequent bond hearing does not cure the constitutional violation that took place in the first instance, nor does it foreclose immediate release as the appropriate habeas remedy.

62. The same remedy is warranted here. Petitioner's September 14, 2026 motion for a custody redetermination remains pending without a hearing date, and even a prompt hearing would not cure the violation that occurred when ICE revoked his release on August 19, 2026. The appropriate relief is to restore Petitioner to the position he occupied before that violation: release on the $5,000.00 bond and the conditions of release ordered by the Immigration Judge on April 13, 2023. Petitioner has demonstrated a consistent history of compliance with the terms of his release. His wife and young daughters are here in the United States, and his continued detention is unnecessary and unjustified. These compelling family and humanitarian factors, combined with Petitioner's compliance and the absence of any identified violation, strongly warrant immediate release.

**F. In the Alternative, Petitioner Is Detained Under § 1226(a) and Is Entitled to a Bond Hearing**

63. Even if the Court does not order release on Petitioner's original conditions, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). DHS charged him as inadmissible under INA § 212(a)(6)(A)(i), the Immigration Judge granted his request for a custody redetermination under 8 C.F.R. § 1236 and released him on bond, and DHS waived appeal.

64. Since July 2025, DHS and EOIR have taken the position that all persons who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that Immigration Judges lack authority to grant them bond. See <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (BIA 2025).

65. That position has been rejected. In <u>Maldonado Bautista</u>, the Central District of California held that individuals who entered without inspection but were later arrested after residing in the United States are detained under § 1226(a), not § 1225(b), and are entitled to bond

hearings. See generally Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), appeal filed, Maldonado Bautista v. DHS, No. 25-7958 (9th Cir. Dec. 19, 2025). Although the Ninth Circuit stayed those rulings in part pending appeal, the district court's judgment remains operative within the Central District of California. See Maldonado Bautista v. Exec. Office for Immigration Review, No. 26-1044, slip op. at 1–2 (9th Cir. Mar. 31, 2026). Petitioner is detained within this District.

66. The Ninth Circuit has since resolved the question. In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the court, in a published opinion, held that noncitizens present without admission who are apprehended in the interior are not subject to mandatory detention under § 1225(b)(2)(A), but are instead detained under § 1226(a), which permits bond hearings. Rodriguez Vazquez binds this Court and controls here. Petitioner entered without inspection, resided in the United States for nearly ten years, and was apprehended in the interior, in Moorpark, California.

67. Where detention is authorized under § 1226(a), due process requires a meaningful and individualized determination that continued detention is justified. Civil immigration detention is constitutionally permissible only where a noncitizen presents a danger to the community or a risk of flight, Zadvydas, 533 U.S. at 690, and the revocation of conditional release "inflicts a grievous loss" that requires meaningful procedural protections, Morrissey, 408 U.S. at 482. Petitioner is not seeking release in the first instance. An Immigration Judge has already found, on DHS's own evidence, that his release on bond was appropriate, and ICE revoked that release without notice, without a hearing, and without a material change in circumstances. See Goldberg, 397 U.S. at 267; Kumar, 2026 U.S. Dist. LEXIS 137802. If the Court orders a hearing rather than release, due process requires that the government, which seeks to take away the liberty an

Immigration Judge previously granted, bear the burden of establishing by clear and convincing evidence that Petitioner presently poses a danger to the community or a flight risk.

68. In making that determination, the Immigration Judge must evaluate the totality of the circumstances, including the nature and recency of any criminal conduct, family and community ties, prior compliance with immigration proceedings, length of residence in the United States, and other evidence bearing on present dangerousness or risk of flight. Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006); Matter of Patel, 15 I. & N. Dec. 666, 666–67 (BIA 1976).

69. Should the Court not order Petitioner's release on the bond and conditions ordered on April 13, 2023, Petitioner requests that the Court direct Respondents to provide an individualized custody hearing before a neutral decisionmaker within seven days, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner presently poses a danger to the community or a flight risk.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### HABEAS CORPUS

70. As set forth above, Respondents are holding Petitioner in federal custody in violation of the Constitution and laws of the United States. 28 U.S.C. § 2241(c)(3).

71. Accordingly, Petitioner seeks a writ of habeas corpus compelling Respondents to release him from continued detention on the $5,000.00 bond and conditions of release ordered by the Immigration Judge on April 13, 2023.

**SECOND CLAIM FOR RELIEF**

**AS TO PETITIONER'S DETENTION—VIOLATION OF THE DUE PROCESS CLAUSE**

72. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

73. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment, from government custody, detention, or other forms of physical restraint, lies at the heart of the liberty that the Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

74. Petitioner has a fundamental interest in liberty and in being free from official restraint.

75. The government's revocation of the Immigration Judge's release order and re-detention of Petitioner without notice, without a hearing before a neutral decisionmaker, and without a material change in circumstances violates his right to due process.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

76. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

77. Petitioner is aggrieved by Respondents' actions in re-detaining him and refusing to consider his release. Respondents' continued detention of Petitioner and failure to release him constitute final agency action within the meaning of 5 U.S.C. § 704.

78. Under the Administrative Procedure Act, a reviewing court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with law," that is "contrary to constitutional right, power, privilege, or immunity," or that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)–(C).

79. Respondents' actions are arbitrary, capricious, contrary to law, contrary to constitutional right, and in excess of statutory authority. ICE revoked an Immigration Judge's release order without the material change in circumstances required by 8 U.S.C. § 1226(b), 8 C.F.R. § 236.1(c)(9), and Matter of Sugay, 17 I&N Dec. 637, 640 (BIA 1981), and without notice or a hearing. As a result, Petitioner remains confined without lawful authority and without individualized consideration.

80. Petitioner has no adequate alternative remedy and no recourse to judicial review other than by this action.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause within three days why this Petition should not be granted;

(3) Declare that Respondents' revocation of Petitioner's release and his continued detention violate the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V., 8 U.S.C. § 1226(b), and 8 C.F.R. § 236.1(c)(9);

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately on the $5,000.00 bond and conditions of release ordered by the Immigration Judge on April 13, 2023; return of any personal property and

documents seized at the arrest; and order a bar on changing his conditions of release without due process

(5) In the alternative, order Respondents to provide Petitioner, within seven days, with an individualized custody redetermination hearing under 8 U.S.C. § 1226(a) before a neutral decisionmaker, at which, consistent with due process, the government bears the burden of establishing by clear and convincing evidence that Petitioner presently poses a danger to the community or a flight risk;

(6) Award Petitioner's attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(7) Grant any further relief this Court deems just and proper.

DATED this 21 day of October 2026.

Respectfully Submitted,

*<u>/s/Roxana V. Muro</u>*

Roxana V. Muro (CA SBN#344966)
Law Offices of Roxana V. Muro
510 W. 6th Street, Suite 506 Los Angeles, CA 90014
Tel.: (213) 622-4700
Fax: (213) 622-4701
Email: roxanamuro@rvmimmigrationlaw.com
*Attorney for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing Petition for Writ Of Habeas Corpus, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

Dated: October 21, 2026

Respectfully Submitted,
*/s/Roxana V. Muro*

Roxana V. Muro (CA SBN#344966)
Law Offices of Roxana V. Muro
510 W. 6th Street, Suite 506
Los Angeles, CA 90014
Tel.: (213) 622-4700
Fax: (213) 622-4701
Email:roxanamuro@rvmimmigrationlaw.com